UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.   )<br>)<br>JAMEL NEWMAN, )<br>Defendant.   )<br>) | CR. No. 21-cr-108-JJM-PAS |

## ORDER

Before the Court is Defendant Jamel Newman's Motion to Sever Count Sixteen from the indictment for possession of a firearm by a prohibited person. ECF No 69. Mr. Newman moves alleging that the charge of being a prohibited person in violation of 18 U.S.C. 922(g)(9) is not part of a common scheme or plan and is thus incongruent with the other counts. *See* ECF No. 69-1 at 1. The government opposes this motion asserting that "[a]ll offenses that Defendant has been charged with center around the chat messages between Defendant and co-conspirator Hill." ECF No. 73 at 7.

### I. BACKGROUND[1]

In the midst of the COVID-19 pandemic, Mr. Newman and his two alleged co-conspirators, Rashaad Hill and Darren Robinson, purportedly developed a plan to submit unemployment benefits applications to the federal government. ECF No. 73 at 2. The three men allegedly "submitted ten false applications in their names to four State Workforce Agencies (SWAs) in states that they did not reside, receiving at least

---

[1] The facts stem from the government's opposition, ECF No. 73.

$70,802." *Id.* Mr. Newman allegedly submitted another false application to the Massachusetts SWA and received payments to his bank account in someone else's name. *Id.*

Mr. Newman was arrested, and a protective sweep was conducted of his apartment at that time. *Id.* While this sweep was conducted, "agents observed a Glock 19 Gen 5 9x19 mm semi-automatic pistol on top of a television stand in what was believed to be Defendant's bedroom." *Id.* The pistol contained eight rounds of ammunition, though no round was present in the chamber. *See id.* "Notably, the serial number of this firearm indicates that it was purchased by co-conspirator Hill several months previously." *Id.* at 3. "Defendant was prohibited from possessing firearms or ammunition based on his two previous convictions of misdemeanor domestic violence. Hill, however, was not." *Id.* at 3, n.1.

As a result of this alleged conduct, the government avers the following:

> Defendant is charged with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 1), three counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 2, 4, and 8), three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts 11-13), one count of theft of government in violation of 18 U.S.C. § 641 (Count 15), and one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. 922(g)(9) (Count 16).

ECF 73 at 1.

## II. DISCUSSION

This inquiry starts and ends with the Federal Rules of Criminal Procedure. One particularly relevant rule is 8(a), which pertains to joinder of offenses.

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged,

whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). On the other hand, however, "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . ., the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14; *see United States v. Luna*, 585 F.2d 1, 4 n.2 (1st Cir. 1978).

As reflected by Rule 8, "similarity of charges is not the sole criterion for joinder." *United States v. Fenton*, 367 F.3d 14, 21 (1st Cir. 2004). Indeed, Rule 8 must be counterbalanced by Rule 14, such that it may not significantly prejudice a defendant. "Severance on the ground of undue prejudice is a judgment call and, thus, is a matter committed to the trier's informed discretion. *Id.* at 22 (citing *United States v. Alosa*, 14 F.3d 693, 694–95 (1st Cir. 1994)). Practically speaking, this means that even "[c]ounts that are properly joined need not always be tried together." *Id.* at 22.

Courts often break down this analysis into two parts: whether joinder was proper and whether there would be significant prejudice. *See id.* at 20–23. The Court addresses them in turn.

### A. Misjoinder.

As alluded to, the standard for whether joinder is proper turns on the nature of the offenses, such that they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "A plausible basis for the joinder of multiple

3

counts ordinarily should be discernible from the face of the indictment." *Fenton*, 367 F.3d at 21 (citing *United States v. Natanel*, 938 F.2d 302, 306 (1st Cir. 1991)). As applied, the question before the Court is whether a gun charge under 18 U.S.C. § 922(g)(9) is of the same character as the other fraud offenses or constitutes a common scheme or plan.

Mr. Newman is being charged with defrauding the government. There is no indication from these facts that Mr. Newman required a firearm to perpetrate these offenses, or that carrying a firearm would have made the committing of these offenses more "effective." Indeed, as is often true with drug transactions, defendants carry weapons either for safety reasons or intimidation purposes. *See, e.g., United States v. Richardson*, 515 F.3d 74, 81 (1st Cir. 2008) (affirming denial of motion to sever 18 U.S.C. § 922(g) violation from a narcotics offense). That Mr. Newman had a gun bears no influence on the underlying charges. From the facts presented by the government, there is no support for the notion that Mr. Newman even interacted with anyone in his submission of false documentation to receive fraudulent unemployment benefits.

The Court is aware of the First Circuit's notion that "Rule 8(a)'s joinder provision is generously construed in favor of joinder." *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996). However, not even the most "generous" construal can produce a common thread between these fraud charges and the 922(g)(9) charge. Contrary to the government's argument, mere proximity in conversation of two offenses does not necessarily mean they are related or indicative of a common scheme or plan. As the government states, "forensic extraction revealed a chat thread of

*thousands* of messages between Defendant and co-conspirator Hill . . . ." ECF No. 73 at 3 (emphasis added). That there were over one thousand messages is more indicative that Mr. Newman and Mr. Hill had a close relationship with each other. It is likely that they talked about everyday things, along with their criminal escapades. These daily mundanities need not, and can hardly be said to, be part of a common scheme or plan.

Thus, the Court finds that joinder was not proper here under the Federal Rules of Criminal Procedure. As a result, the charge under 18 U.S.C. 922(g) should be severed.

**B. Prejudice**

Even if the Court were to find that joinder was proper, severance would still be required because of the prejudice it would have on Mr. Newman. The Court does not reach this conclusion merely because Mr. Newman would be prejudiced. As the government keenly notes, "[s]ome prejudice results in almost every trial in which the court tries more than one offense together." *United States v. Richardson*, 515 F.3d 74, 81 (1st Cir. 2008). Instead, the Court finds that justice would be inhibited without severance.

The prejudice here is also derived from the domestic violence charge on which Mr. Newman is prohibited person within the definition of 922(g) than the gun charge itself.[2] Because the government would have to set forth its basis for charging Mr.

---

[2] *See* ECF No. 64 ("TEXT ORDER denying without prejudice 46 Motion to Dismiss as to Jamel Newman (1): Defendant Jamel Newman's Motion to Dismiss Count 16 (ECF No. 46) Is DENIED without prejudice. Whether the alleged victim in

Newman with 922(g)(9), it would bring forth evidence of domestic violence. This information, which is unrelated to Mr. Newman's fraud charges, would unfairly prejudice Mr. Newman. In fact, the Court finds that Mr. Newman has met the standard set forth by the government, that Mr. Newman has made a "strong showing of prejudice." *See United States v. Luna*, 585 F.2d 1, 4 (1st Cir. 1978) (internal quotation marks omitted) (citing *Sagansky v. United States*, 358 F.2d 195, 199 (1st Cir. 1963)).

The Court closes this opinion by noting that this severance represents the exception to the rule, rather than the rule itself. The Court knows that granting a motion to sever a charge from the indictment is rare. But the Court finds that granting a motion to sever 18 U.S.C. 922(g)(9) is required by the interests of justice. As a result, Defendant Jamel Newman's Motion to Sever Count Sixteen of the indictment is hereby GRANTED. ECF No. 69.

IT IS SO ORDERED,

_____
John J. McConnell, Jr.
Chief United States District Judge

June 21, 2022

---

the underlying state court charge was "person similarly situated to a spouse, parent or guardian of the victim," as required by 18 U.S.C. § 921(a)(33)(A)(i-ii) is a determination that is not appropriate for the Court to decide at this time based on the sufficiency of the indictment.").