UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMEL NEWMAN<br>Defendant. | )<br>)<br>)<br>)<br>)  No. 21-cr-108-JJM-PAS-1<br>)<br>)<br>)<br>) |

## ORDER

Jamel Newman, charged with wire fraud, aggravated identity theft, theft of government money, and possession of a firearm by a prohibited person, looks to suppress evidence obtained during a protective sweep of his home conducted by police while carrying out an arrest pursuant to an arrest warrant. ECF No. 81.[1]

### FACTS

Early one morning, a large contingent of law enforcement officers entered Mr. Newman's home to execute an arrest warrant for Mr. Newman and one other. ECF No. 84 at 18-19, ¶ 37. They found both men in the living room/kitchen area and apprehended them. *Id.* at 19, ¶ 37.

In the kitchen there was a large object covered in a black cloth. ECF No. 84 at 19, ¶ 38. Underneath it was a marijuana grow. *Id.* at 19, ¶ 39. The officers

---

[1] "A criminal defendant has no presumptive right to an evidentiary hearing on a motion to suppress." *United States v. Cintron*, 724 F.3d 32, 36 (1st Cir. 2013) (citing *United States v. D'Andrea*, 648 F.3d 1, 5 (1st Cir. 2011)). Mr. Newman has not made a showing that there are "material facts *** in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." *United States v. Staula*, 80 F.3d 596, 603 (1st Cir. 1996)). He also failed to "show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief." *Id.*

conducted a "protective sweep" of the residence. *Id.* at 19, ¶ 38. In Mr. Newman's bedroom, the officers found Mr. Newman's girlfriend and a child. *Id.* The officers also saw a Glock 19 pistol in plain view, along with ammunition. *Id.*[2] The gun was inside a black case sitting on the dresser along with other items. *Id.* at 39. Based on these observations, the officers obtained a search warrant and confiscated the gun and ammunition. *See id.* at 38-41.

**LAW**

The Government carries the burden of proving that the warrantless search of a residence adheres to any of the narrow exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *United States v. Rodríguez-Pacheco*, 948 F.3d 1, 6 (1st Cir. 2020) (internal quotation marks omitted) ("the Fourth Amendment has drawn a firm line at the entrance to the house and warrantless entries into a home are presumptively unreasonable."). Any evidence obtained through an illegal search is a "fruit of the poisonous tree" that a Court may not admit into evidence against a defendant. *Wong Sun v. United States*, 371 U.S. 471, 485-86, 488 (1963).

After an in-home arrest, law enforcement may conduct a protective sweep of the premises if they have reasonable suspicion based on "articulable facts which,

---

[2] "Agents conducted a protective sweep of the apartment, *** During the protective sweep, agents observed a Glock 19 pistol on top of a TV stand in a bedroom that is believed to be J. NEWMAN's bedroom. Agents also observed what appeared to be several rounds of ammunition for an AK47 firearm and a cable lock that is commonly used to secure firearms. The Glock 19 was located in the bedroom with a person believed to be J. NEWMAN's girlfriend and a toddler aged child." ECF No. 84 at 19, ¶ 38.

taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Maryland v. Buie*, 494 U.S. 325, 333-34 (1990). This reasonable suspicion standard is "'considerably less demanding than the level of proof required to support a finding of probable cause,' but must be based on more than an unfounded speculation." *United States v. Winston*, 444 F.3d 115, 118 (1st Cir. 2006) (internal citations omitted) (). Additionally, the duration of the protective sweep must be "no longer than is necessary to dispel the reasonable suspicion of danger." *Buie*, 494 U.S. at 335-36. Further, a protective sweep must be "narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *United States v. Delgado-Pérez*, 867 F.3d 244, 251 (1st Cir. 2017) (quoting *Buie*, 494 U.S. at 327). Moreover, regardless of the circumstances, a protective sweep may last "no longer than it takes to complete the arrest and depart the premises." *Buie*, 494 U.S. at 335–36.

## ANALYSIS

Mr. Newman alleges that "there was no need for a protective sweep," and that "the firearm and ammunition were not in plain view" because "they were contained inside a hard plastic case." ECF No. 81 at 3. The Government responds by arguing that the protective sweep was reasonable and necessary given all the circumstances. ECF No. 85 at 5-6.

A review of the facts before the Court shows that the protective sweep conducted by law enforcement was both called for and appropriately limited in

duration and scope. The officers knew that the suspects had a history of violence, and they initially faced resistance when trying to enter the premises. They entered a small apartment and saw a suspicious large, black-draped object holding an illegal marijuana grow. They easily could see that there were other rooms nearby and had no idea if others were in the home. Upon entering one of these rooms, they indeed found a woman and child. In that same room, they also saw in plain view a weapon and ammunition.

> A protective sweep is "a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others," that "is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." Many protective sweeps take place following an arrest within a home.

*United States v. Delgado-Pérez*, 867 F.3d 244, 251 (1st Cir. 2017) (internal citations omitted) (quoting *Buie*, 494 U.S. at 327).

Based on this confluence of facts, it was reasonable for the officers to have conducted a brief protective sweep. They quickly checked the adjacent rooms to ensure their safety. Upon entering one of these rooms, they immediately saw a weapon, without opening any door or drawers. The officers properly limited the sweep in both its scope and duration. They did not confiscate the weapon at that time but sought a search warrant based on their observations. Law enforcement conducted a "quick and limited search" incident to an arrest that was "narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Buie*, 494 U.S. at 327. The protective sweep that they conducted was entirely

within the limited parameters approved by the U.S. Supreme Court and the First Circuit.

The Court DENIES Defendant Jamel Newman's Motion to Suppress. ECF No. 81.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

October 4, 2022